Richard **PORTER**, Petitioner-Appellant

v.

John B. **FOX**, Warden; United States Department of Justice, Respondents-Appellees

No. 16-40835
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Filed July 19, 2017

Richard Porter, Pro Se

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM: *

Richard Porter, federal prisoner # 27583-034, appeals the dismissal of his

---

* Pursuant to 5TH CIR. R. 47.5, the court has    determined that this opinion should not be

petition under 28 U.S.C. § 2241. Porter is serving life and other sentences for drug-trafficking and firearm crimes, including using a firearm to commit murder during and in relation to a drug-trafficking crime and discharging a firearm during and in relation to a drug-trafficking crime, violations of 18 U.S.C. § 924(c) and other subsections of § 924. He contends that he may challenge his convictions under § 2241 because he meets the requirements set forth in *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), and 28 U.S.C. § 2255(e). He argues that, in light of the Supreme Court's decisions in *United States v. Ressam*, 553 U.S. 272, 128 S.Ct. 1858, 170 L.Ed.2d 640 (2008), and *Rosemond v. United States*, — U.S. ——, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2014), he was convicted of non-existent violations of § 924(c).

We review de novo the dismissal of a § 2241 petition. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Generally, claims of trial and sentencing errors are not properly raised in a § 2241 petition. *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). However, a § 2241 petition that attacks a federal conviction may be considered if the claims are "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense," and if the claims were previously "foreclosed by circuit law." *Reyes-Requena*, 243 F.3d at 904. Porter must therefore prove that, in light of "a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir. 2001).

Porter's reliance on *Ressam* and *Rosemond* affords him no relief, even if it as-sumed that those decisions are retroactive. *Ressam* held that a violation of 18 U.S.C. § 844(h)(2) required that an explosive be carried "during" a federal felony. *Ressam* is not relevant because it concerned 18 U.S.C. § 844(h) rather than § 924(c). *Ressam*, 553 U.S. at 274-75, 128 S.Ct. 1858. Moreover, Porter was convicted of using and carrying a firearm, "during" a drug-trafficking conspiracy. *Rosemond* pertained to the proof required to convict a defendant of aiding and abetting the use of a firearm during a drug crime. *Rosemond*, 134 S.Ct. at 1249. However, Porter was not charged with aiding and abetting but rather with two counts of "knowingly" using and carrying a firearm and causing it to be discharged, resulting in a murder and an attempted murder. We have already found the evidence sufficient to prove all of the charged violations of § 924(c). *See United States v. Davis*, 124 Fed.Appx. 838, 843-44 (5th Cir. 2005). Porter thus does not show that "he was convicted for conduct that did not constitute a crime" in light of *Ressam* or *Rosemond*. *Jeffers*, 253 F.3d at 831; *see Reyes-Requena*, 243 F.3d at 903-04.

The judgment is AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.